FILED

NOV - 7 2002

CLERK, U.S DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
      DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SON VAN NGUYEN, et. al.<br><br>　　　　Defendants. | NO. CR. S-99-0433 WBS<br><br>MEMORANDUM AND ORDER RE DEFENDANT SON VAN NGUYEN'S MOTION FOR SEVERANCE |

----oo0oo----

Defendant Son Van Nguyen is one of seven defendants named in this indictment. In this motion to sever, Nguyen appears to make a total of five requests.[1] First, Nguyen seeks severance of co-defendant John That Luong from Counts One, Two, and Three. Second, Nguyen seeks severance from co-defendants Thy Chan, Thongsouk Theng Lattanaphom, and Bao Lu. Third, Nguyen seeks severance of Counts Four, Five, Eight, and Nine. Fourth, Nguyen seeks severance of Counts Six and Seven. Fifth, Nguyen

---

[1] Defendants John That Luong and Thongsouk Theng Lattanaphom have joined this motion for severance. Luong and Lattanaphom appear to adopt Nguyen's arguments in full and do not bring particularized arguments of their own.

1

359

requests a separate jury from all other defendants.

I. <u>Legal Standard</u>

Rule 8(a) of the Federal Rules of Criminal Procedure provides that offenses may be charged together "if they are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Rule 8(b) provides that defendants may be charged together "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Fed. R. Crim. P. 8(b). Under Rule 14, the court may grant a severance "[i]f it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together." Fed. R. Crim. P. 14. Rules 8 and 14 are designed "to promote economy and efficiency and to avoid a multiplicity of trials, [so long as] these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial." <u>Zafiro v. U.S.</u>, 506 U.S. 534, 540 (1993) (internal quotations omitted).

II. <u>Discussion</u>

A. <u>Nguyen's First Request: Severance of Luong</u>

First, Nguyen requests that the court sever co-defendant Luong in Counts One, Two, and Three. Defendant Luong has filed a motion indicating that he plans to testify on his own

2

behalf concerning the charges in Counts One, Two, and Three. Nguyen anticipates that Luong will: 1) introduce evidence to "impeach the credibility" of Nguyen; 2) "introduce evidence against Nguyen"; and 3) introduce evidence "that will have a spillover effect of guilt by association" for Nguyen. (Def.'s Mot. at 4.)  Although the legal argument here is unclear, it appears that Nguyen anticipates one of two problems: 1) Luong will set forth an antagonistic defense; or 2) Luong's testimony will create Bruton² issues for Nguyen. Under either scenario, severance is unjustified.

To the extent that Nguyen is anticipating Bruton issues, severance is not justified because the court can exclude the prejudicial testimony at trial. To the extent that Nguyen is anticipating an antagonistic defense, severance is premature. To warrant severance on the basis of antagonistic defenses, co-defendants must show that their defenses are irreconcilable and mutually exclusive. See United States v. Sherlock, 962 F.2d 1349, 1363 (9th Cir. 1992). Defenses are mutually exclusive when "acquittal of one co-defendant would necessarily call for the conviction of the other." United States v. Tootick, 952 F.2d 1078, 1081 (9th Cir. 1991); see United States v. Throckmorton, 87

---

² Under Bruton v. United States, 391 U.S. 123, 127-28 (1968), "a defendant is denied [his] Sixth Amendment right of confrontation when a facially incriminating confession of a non-testifying co-defendant is introduced at their joint trial, even if the jury is instructed to consider the confession only against the co-defendant."

F.3d 1069, 1072 (9th Cir. 1996) (noting that "a defendant must show that the core of the co-defendant's defense is so irreconcilable with the core of his own defense that the acceptance of the co-defendant's theory by the jury precludes acquittal of the defendant"). Here, Nguyen has disclosed neither his own defense nor that of Luong's. Without more, Nguyen has not shown that severance is necessary because of Luong's plan to testify at trial.

    B.   <u>Nguyen's Second and Third Requests: Severance of Co-Defendants Chan, Lattanaphom, and Bao Lu and Counts Four, Five, Eight, and Nine</u>

Nguyen seeks the severance of co-defendants Thy Chan, Thongsouk Theng Lattanaphom, and Bao Lu because "the amount of evidence against these three defendants [in Counts One, Two, and Three] is greater and more substantial than the amount of evidence against Nguyen." (Def.'s Mot. at 5:1-3.) Nguyen requests severance from these co-defendants to avoid prejudice resulting from "guilt by association." (Def.'s Mot. at 5:6-7.) Nguyen also seeks the severance of Counts Four, Five, Eight, and Nine because "there is no evidence that ties defendant Nguyen to any act alleged" in those four counts. (Def.'s Mot. at 5:15-17.) Nguyen argues that "the temptation [for the jury] is both too great and unconstitutional to have defendant Nguyen sitting at the trial" along with the alleged true perpetrators of Counts

4

Four, Five, Eight, and Nine. (Def.'s Mot. at 5:23-24, 6:6-8.) The gravamen of Nguyen's argument for these severances is that he will be prejudiced by "the spillover effect of merely associating" with his co-defendants. (Def.'s Mot. at 6:5-6.)

"Generally speaking, defendants jointly charged are to be jointly tried." United States v. Escalante, 637 F.2d 1197, 1201 (9th Cir. 1980) (citing United States v. Gay, 567 F.2d 916, 919 (9th Cir. 1978)). The district court should grant a severance "only if a serious risk exists that a joint trial would compromise a particular trial right of a properly joined defendant or prevent the jury from reliably determining guilt or innocence." U.S. v. Cruz, 127 F.3d 791, 798-99 (9th Cir. 1997). "The prejudicial effect of evidence relating to the guilt of co-defendants is generally held to be neutralized by careful instruction by the trial judge." United States v. Escalante, 637 F.2d 1197, 1201 (9th Cir. 1980). Thus, a defendant "seeking severance based on the 'spillover' effect of evidence admitted against a co-defendant must also demonstrate the insufficiency of limiting instructions given by the judge." U.S. v. Nelson, 137 F.3d 1094, 1108 (9th Cir. 1998)).

Here, Nguyen has failed to demonstrate that limiting jury instructions by the court would be insufficient to neutralize prejudice. Nguyen argues generally that the jury will be unable to follow the court's limiting instructions because of

5

the "huge disparity in the volume of evidence" against Nguyen versus the volume of evidence against Nguyen's co-defendants. (Def.'s Mot. at 14:1-2.) At this point in the proceedings, of course, the court has no knowledge of what the evidence is, or whether there is the disparity of evidence alleged by Nguyen. Nguyen has not come forward with any specific information that would enable this court to evaluate whether limiting instructions would indeed be inadequate to cure prejudice. Absent such information, the court is unpersuaded that severance is justified at this time.

    C. <u>Nguyen's Fourth Request: Severance of Counts Six and Seven</u>

Next, Nguyen seeks a severance of Counts Six and Seven from Counts One, Two, and Three. Nguyen claims that joinder is inappropriate because Counts One, Two, and Three "are totally different in their alleged object than Counts Six and Seven." (Def.'s Mot. at 6:9-10.) According to Nguyen, the jewelry store robbery in Counts One, Two, and Three, and the computer store robbery in Counts Six and Seven are "distinct and unrelated criminal acts" by Nguyen.

Joinder of offenses is permitted under Federal Rule of Criminal Procedure 8(a) if the offenses are: 1) of the same or similar character; 2) based on the same act or transgression, or 3) based on acts or transactions that are connected or constitute

parts of a common scheme.  Fed. R. Crim. P. 8(a).  "When the joined counts are logically related, and there is a large area of overlapping proof, joinder is appropriate."  <u>United States v. Anderson</u>, 642 F.2d 281, 284 (9th Cir. 1981), see <u>United States v. Roberts</u>, 783 F.2d 767, 769 (9th Cir. 1985).

Here, the court finds a "logical relationship" between the computer store robbery in Counts Six and Seven, and the jewelry store robbery in Counts One, Two, and Three.  The government has represented to the court that it will demonstrate that in each robbery, the composition and hierarchy of the group were the same.  John That Luong operated as the group's leader, Minh Huynh operated as its crew chief, and the rest of the group consisted of subordinate crew members. This demonstrates a logical relationship between the two robberies because each involves a "large area of overlapping proof" of the group's structure and identity of its leadership.  Accordingly, Counts Six and Seven are properly joined with Counts One, Two, and Three.

D.   <u>Nguyen's Fifth Request: Separate Jury From Other Defendants</u>

Finally, Nguyen requests a separate jury from all other defendants in the event that the court denies his requests for severance.  Because Nguyen has failed to show that limiting jury instructions are insufficient to cure prejudicial spillover, the

7

1  court denies this request.

2       IT IS THEREFORE ORDERED that defendant Son Van Nguyen's
3  motion for severance be, and the same hereby is, DENIED.[3]
4  DATED: November 6, 2002

*William M. Shubb* (signature)

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[3] Accordingly, this motion is also denied as to defendants Luong and Lattanaphom.

United States District Court
for the
Eastern District of California
November 7, 2002

* * CERTIFICATE OF SERVICE * *

2:99-cr-00433

USA

   v.

Luong

_____

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on  November 7, 2002, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

    William Sze Wong                        SH/WBS
    United States Attorney
    501 I Street
    Suite 10-100
    Sacramento, CA   95814

    Richard B Mazer
    Law Offices of Richard B Mazer
    99 Divisadero Street
    San Francisco, CA   94117

    Jan David Karowsky
    716 19th Street
    Suite 100
    Sacramento, CA   95814-0710

    Gail R Shifman
    Law Offices of Gail Shifman
    632 Commercial Street
    Second Floor
    San Francisco, CA   94111

    Shari G Rusk
    Law Offices of Shari Rusk
    1710 Broadway
    Suite 111
    Sacramento CA 95818

Jeffrey L Staniels
Federal Defender
801 K Street
Suite 1024
Sacramento, CA  95814

Michael Bradley Bigelow
Law Offices of Michael Bradley Bigelow
428 J Street
Suite 358
Sacramento, CA  95814-6908

James Ralph Greiner
Law Offices of James R Greiner
555 University Avenue
Suite 290
Sacramento, CA  95825

George C Boisseau
Law Offices of George C Boisseau
50 Santa Rosa Avenue
Fifth Floor
Santa Rosa, CA  95404

SERVICE BY INTER OFFICE:

FD        US MARSHAL        PROBATION        PRETRIAL SERVICES        CHAMBERS

Jack L. Wagner, Clerk

BY: _____
Deputy Clerk